UNITED STATES DISTRICT COURT

DISTRICT OF UTAH-CENTRAL DIVISION

Edward Allan Buck,

        Plaintiff,                                05-CV-455 (JEC)

        v.

U.S. District Court Judge Ted Stewart, U.S.
Chief Circuit Judge Deanell Reece Tacha, U.S.
District Court Judge M. James Lorenz, U.S.
Attorney Paul M. Warner, Assistant U.S.
Attorney Charlie Christensen, U.S. Assistant
Attorney Maggie H. Abuhaidar,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment,

filed November 8, 2005; Plaintiff's Motion to Disqualify United States Department of Justice &

United States Attorney's Office, filed November 16, 2005; and Defendants' Motion to Dismiss,

filed December 6, 2005.  The Court has reviewed the Motions, memoranda and exhibits submitted

by the parties, as well as the relevant authorities.  The Court finds that Plaintiff's Motions are not

well taken and are **denied**; and that Defendants' Motion is well taken and is **granted**.

I.      **Background**

THIS case arises from Plaintiff's complaint alleging violation of antitrust in the fraudulent

procurement of a patent.  Plaintiff sought to have charges brought against the United States

Patent and Trademark Office, six of its examiners, a law firm, Dr. W. Robert Cook (Plaintiff's

former business partner),  Bitless Bridle Inc., and two other individuals in September 2003.

Plaintiff wanted to enlist the United States Attorney's Office to bring these charges.  When that

Office did not make the decision to prosecute, Plaintiff sought relief from the aforementioned

federal judges.  As this course of action also proved to be of no avail, Plaintiff then brought suit

against all named Defendants alleging deprivation without due process and taking without due

process, as well as bringing causes of action under various statutes.  The Court construes the gist

of Plaintiff's complaint to be that the United States Attorney's Office violated a statute by not

deciding to prosecute an alleged antitrust violation and that the federal judges named here also

violated a statute by not making the United States Attorney's Office bring a prosecution.

After Plaintiff filed his initial complaint against Defendants, no response from Defendants

was immediately forthcoming.  Plaintiff then filed his Motion for Default Judgment.  Plaintiff

subsequently filed  the Motion to Disqualify United States Department of Justice & United States

Attorney's Office. Defendants have most recently filed their Motion to Dismiss the complaint.

## II.      Discussion

### A.      Motion for Default Judgment

Plaintiff moves for entry of a default judgment in this case on the grounds that Defendants

did not answer the complaint within the prescribed 30 day period.  The appropriate response date

for Defendants was November 4, 2005 for Defendant Judge Stewart and November 7, 2005 for

the U.S. Attorney Defendants.  On November 8, 2005, the entire group of Defendants filed a

request for an extension to file an answer to the complaint.  This request was granted and a 45

day extension is now in place.  Defendants have since filed a Motion to Dismiss within the 45 day

extension.  As FED. R. CIV. P. 12  notes, "a motion making any of these defenses [including a

Motion to Dismiss] shall be made before pleading if a further pleading is permitted."  This

indicates that Defendants' Motion to Dismiss may serve as an answer to Plaintiff's complaint.

Although the Court has an expectation that an "answer" to the complaint may still be filed within

the 45-day extended deadline imposed, the Court wishes to move on to the other pending motions

which are ready for a ruling.  Thus, a default judgment should not be granted in this case.

Further, it is entirely within the Court's discretion when determining whether to grant a

default judgment.  *See Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767,

771 (10th Cir. 1997).  With this in mind, the Court is extremely reluctant to determine the

outcome of this case on purely procedural grounds, rather than the merits. *See Grandbouche v.*

*Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).  Therefore, as stated above, default judgment will

not be granted, and the Court will move to the consideration of the Motions to Disqualify and

Dismiss.

### B.      Motion to Disqualify United States Department of Justice & United States Attorney's Office

Plaintiff moves for the Court to disqualify the federal representation of the named federal

defendants.  Plaintiff reasons that a conflict of interest exists when this type of representation

occurs.  This conflict of interest apparently stems from Plaintiff's belief that the Defendants in

question have violated federal statutes, and thus, cannot be represented by federal attorneys.

Contrary to Plaintiff's belief, however, Defendants can be represented by federal

attorneys.  Indeed, it is the normal course of action that when federal judges, agencies or officers

are sued in their official capacity, a government attorney will be assigned to defend them.  *See* 28

U.S.C. § 516-17.  This representation is usually provided by the United States Attorney's Office.

28 U.S.C. § 547.  The Tenth Circuit has affirmed that the United States Attorney or the

Department of Justice can represent federal judges, officers, and agencies when it is determined

that the litigation affects the interests of the United States.  *Christensen v. Ward*, 916 F.2d 1462,

3

1484 (10th Cir. 1990).  The Ninth Circuit echoes this ruling and makes clear that the reasoning

behind it is actually to reaffirm the independence of the judiciary and other federal officers.

*Tashima v. Admin. Office of U.S. Cts.*, 967 F.2d 1264, 1268 (9th Cir. 1992).  By having

government representation, the need for private representation and the possibility of private

influence do not come into the picture.  *Id.*

　　Indeed, it appears that Defendants took special pains to avoid any appearance of bias or

impropriety by appointing a special attorney to handle this case.  Resp. to Mot. to Disqualify at 2.

This attorney has no connection with any of the underlying litigation or events alleged in the

complaint, and therefore, has no conflict of interest.  *Id.*  Therefore, Plaintiff's Motion to

Disqualify the United States Department of Justice and the United States Attorney's Office is

denied.

### C.　　Motion to Dismiss

　　Defendants move to dismiss this case on the grounds that the Defendants have absolute

immunity for the acts alleged and that Plaintiff fails to state a claim for which relief may be

granted.

　　Defendants assert that the U.S. Attorney Defendants have absolute immunity from the

claim that they failed to initiate a prosecution.  Defendants cite to *Meade v. Grubbs*, 841 F.2d

1512, 1532-33 (10th Cir. 1988) and *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982), for

the proposition that United States attorneys do have absolute immunity when using their

discretion not to initiate a prosecution.  These cases clearly indicate that a prosecutor cannot be

held liable for the decision not to initiate criminal proceedings.  The Tenth Circuit does not

delineate between the immunity that a state prosecutor would receive and one working for the

federal government.  *See Juda v. Nerney*, 149 F.3d 1190, (1998 WL 317474, 7)(10th Cir. 1998) (unpublished).  Therefore, the Court finds that the U.S. Attorney Defendants have absolute immunity for the acts alleged, and the case against them must be dismissed.

Defendants' claim that the Judicial Defendants are immune rests on two prongs.  First, Defendants assert that the doctrine of separation of powers necessarily precludes any basis of liability from occurring, as a judge cannot order a United States Attorney to initiate a prosecution.  Second, Defendants claim that even if a judge is not necessarily precluded from liability here, a judge's choice to act (or not act in this case) is protected by judicial immunity.

The Tenth Circuit has clearly established that judicial review of the decision to prosecute is only appropriate if it is needed to preserve constitutional rights.  *See United States v. Zabawa*, 39 F.3d 279, 284 (10th Cir. 1994).  Other circuits have made it explicitly clear that a United States Attorney's decision not to prosecute is not available for judicial review.  *See United States v. Tucker*, 78 F.3d 1313, 1317 (8th Cir. 1996).  The Court wishes to recognize that the distinction of when preserving constitutional rights would warrant judicial review includes such discriminatory prosecution as selective violations of the Equal Protection Clause.  *Id.*, n. 4. (citing *United States v. Batchelder*, 442 U.S. 114, 125 & n. 9 (1979)).  Plaintiff's complaint does not suggest that he has been the victim of such selective prosecution, or the reservation thereof.  Indeed, Plaintiff does not cite to any motivation behind the decision not to prosecute, but instead, only claims that his due process rights have been violated, without further explanation.  Compl. at 6.

The Court must concur with Defendants' argument, then, that the doctrine of separation of powers does preclude the judges in this case from being held liable for reserving review of the

5

United States Attorney's Office.  The further examination of whether this specific act or non-act

is protected by judicial immunity seems repetitive and unnecessary, as clearly the judges in

question here did not have the power to act in the first place.

As all Defendants are found to be immune from suit in this case, a proper claim on which

relief can be granted does not exist and the case must be dismissed with prejudice.


Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment is **denied;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify Department of
Justice and United States Attorney's Office is **denied**;

**IT IS FINALLY ORDERED** that Defendants' Motion to Dismiss is **granted**.

DATED this 25th day of January, 2006.


_____
**SENIOR UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:

      Rev. Edward Allan Buck, Pro Se
      Salt Lake City, Utah

Counsel for Defendants:

      Robert L. Miskell, Esq.
      Assistant U.S. Attorney
      Special Attorney to the Attorney General